By the Court,

Savage, Ch. J.
It is the duty of the overseers of highways in each town, “ to repair and keep in order the highways within the several districts for which they shall have been elected.” 1 R. S. 503, § 6. By § 16, p. 504, “ Every overseer of highways who shall refuse or neglect either, 1. To warn the people assessed to work on highways, &c. 2. To collect the moneys which may arise from fines or commutations, or 3. To perform any of the duties required by this chapter, or which may be enjoined on him by the commissioners of highways of his town, and for the omission of which a penalty is not hereinafter provided—shall, for every such refusal or neglect, forfeit the sum of ten dollars, to be sued for by the commissioners of highways of the town.” The 17th section makes it the duty of the commissioners of highways to prosecute, upon the complaint of a resident of the town and an offer of indemnity for the costs. The 18th section is as follows: “If such commissioners of highways shall refuse or neglect to prosecute for such penalty, they shall in every such case, forfeit the sum of ten dollars, to be recovered by the person who shall have made such complaint, and given or offered such security.
In the progress of the trial, the plaintiff proved that the defendants, as commissioners of highways, gave notice in writing to Turner, as overseer of high ways, concerning the removal of the obstructions in the road in question—and offered to prove that the directions given in the notice were to remove the fences. This was objected to and overruled on the ground that the notice should be produced, or its non-production accounted for. The rule on that subject I understand to be this: that parol evidence of the contents of papers may be given, where they do not form the foundation of the cause, but merely relate to some collateral fact. Anthon’s N. P. 41. *10 Johns. R. 443. If therefore the statute required a notice to be given before the penalty was incurred, the common pleas were right; but if it was a collateral fact, then they were under a mistake.
Some of the duties of the overseers are to be performed without any special order or directions from the commissioners ; it is their duty, among other things, to keep the roads in repair, to destroy noxious weeds to collect fines and commutation money, and to remove loose stones from the beaten track of the road, without any special order from the commissioners. It would seem from § 6, sub. 2, that they are not to warn persons assessed to work, without being required by the commissioners to do so ; but this requisition relates to the general warrant directed to them by the commissioners. They are not obliged to procure scrapers, unless directed and empowered to do so ; and if prosecuted for the penalty for refusal or neglect to procure such scrapers, notice must be strictly proved. In such case the notice would be the foundation of the action, and could not be proved by parol unless all necessary steps had been taken to produce the notice itself, and it could not be had. The contents of notices in the progress of a cause have frequently been permitted to be proved by parol; but in this case special notice to remove obstructions from the road was not neces *670 sary. I do not perceive, therefore, how it was material to prove notice of any kind, unless it was the general warrant, and the acts of the overseer, in his official capacity, must certainly be a sufficient admission of his general authority.That an individual acts as an officer, and is reputed to be such, is sufficient evidence of his being such officer, and would have been sufficient in this case ; the plaintiff however produced the records of the town, and proved the election of the officers by the town clerk.
The important question is, whether it is the duty of overseers of highways to remove obstructions from highways, without being specially directed by the commissioners to do so. The court below decided that the neglect or refusal to remove obstructions was not such a refusal or neglect as authorized a prosecution for the penalty imposed by the 16th section. By the 6th section, it made the duty of overseers to repair and keep in order the highways within his district. *What is meant by keeping a road in order 1 If a fence is built across a road in any district, any person may remove it; but is it not the.duty of the overseer to see that it is done ? If logs are thrown in the road, or rubbish of any discription placed in it, which deprive the public of the use of the road, whose duty it is to remove those obstacles to the public enjoyment of the right of passage upon the road 1 It is undoubtedly the duty of the overseer. It is no answer to say that the commissioners have the care and superintendence of the highways, and give directions for the repairing of roads and bridges; it is not the less the duty of overseers to repair and keep in order the road in their districts ; they are bound to do it, whether they receive special instructions or not; it is their duty without special orders. If, then, it was the duty of Turner to remove obstructions from the road, he seems to me to be liable to the penalty; for the 16th section says, every overseer who shall refuse to perform any of the duties required by this chapter, shall, for every such refusal, forfeit the sum of ten dollars. The plaintiff offered to prove that Turner had neglected and refused to remove the obstructions, and that he, the plaintiff, was an inhabitant of the town, and had offered the commissioners, the defendants, sufficient security according to the statute, and that they had refused to prosecute.
There is evidently a clerical error in the error books. It is stated that the plaintiff offered to prove that Turner had refused to give the defendants sufficient security. No point was raised in the court below upon this apparent defect in the plaintiff’s proof, and for that reason it cannot now be made ; but that this is a mistake in copying, is apparent from the fact that the decision of the court assumes that the plaintiff had done enough on his part to call on the defendants to show a performance of their duty; and the decision declares that the defendants were not bound to prosecute, because Turner had not been guilty of any neglect or refusal for which he was liable to the penalty. This was an error. The judgment of the court below must be reversed, with costs, and a venire de novo must be issued.